**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOBANI LOPEZ-GUZMAN, AKA Yobani Guzman, AKA Yobani Lopez, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-73864 <br><br> Agency No. A088-806-275 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 13, 2017
William S. Boyd School of Law
University of Nevada, Las Vegas
Las Vegas, Nevada

Before: RAWLINSON and BYBEE, Circuit Judges, and MENDOZA,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Salvador Mendoza, Jr., United States District Judge for the Eastern District of Washington, sitting by designation.

Yobani Lopez-Guzman, a Honduran citizen, petitions for review of the Board of Immigration Appeals' ("BIA") denial of withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo, *Retuta v. Holder*, 591 F.3d 1181, 1184 (9th Cir. 2010), and denial of withholding of removal and CAT relief for substantial evidence, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition.

1.      Lopez-Guzman is not entitled to withholding of removal. While he contends that he will be persecuted because of his tattoos depicting Catholic imagery, there is no evidence that his faith would be "a reason" any group in Honduras would potentially harm him.[1] *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). Rather, it is evident from Lopez-Guzman's arguments and testimony before the Immigration Judge that he believes he will face persecution in Honduras because the gangs, the police, and potential employers will perceive his tattoos as gang tattoos. He also fears reprisal for refusing to join one of these gangs.

---

[1]   The Immigration Judge and BIA applied the "one central reason" standard applicable to asylum claims. After these decisions were issued, however, we held in *Barajas-Romero* that the "a reason" standard applied in withholding-of-removal claims "is a less demanding standard than 'one central reason.'" 846 F.3d at 360. But because the BIA found that Lopez-Guzman failed to establish the requisite nexus between any harm he could potentially encounter and his faith or membership in a particular social group, there is no reason to remand this case.

However, we have previously rejected identical arguments. *E.g.*, *Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009) ("We recently have held . . . that resistance to gang membership is not a protected ground."); *Arteaga v. Mukasey*, 511 F.3d 940, 945 (9th Cir. 2007) ("Boiled down, [petitioner's] argument rests ultimately on his claim that his tattoos mark him for potential persecution" in El Salvador, but "'[t]attooed gang member' falls outside the Ninth Circuit's definition of social group.").

Moreover, Lopez-Guzman did not experience past persecution during the more than three years he lived in Honduras after his prior removals from this country. According to his own testimony, the Honduran police detained him only a handful of times for short durations in order to investigate whether he was a gang member and never harmed or threatened him. *See Arteaga*, 511 F.3d at 945 (concluding that being detained by the Salvadorian police for up to 72 hours on suspicion of being a gang member "alone does not amount to persecution"). Additionally, a single instance of not being hired for a job because he was perceived as a gang member due to his tattoos does not amount to economic persecution. *See, e.g.*, *Nagoulko v. I.N.S.*, 333 F.3d 1012, 1016 (9th Cir. 2003) (holding that the petitioner being "fired from her job as a kindergarten teacher because of her religious beliefs, while discriminatory, is not the type of economic

3

deprivation that rises to the level of persecution"). Finally, the incidents involving Lopez-Guzman's uncles and cousin do not demonstrate past persecution because he acknowledges that these family members were targeted for failing to pay the gangs extortion money. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Lopez-Guzman has also failed to demonstrate a likelihood of future persecution. Rather, he testified that his hometown in Honduras is relatively devoid of gang violence. 8 C.F.R. § 208.16(b)(2) ("An applicant who has not suffered past persecution . . . cannot demonstrate that his or her life or freedom would be threatened if . . . the applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal . . . ."). Accordingly, substantial evidence supports denial of Lopez-Guzman's claim for withholding of removal.

**2.** Lopez-Guzman has similarly failed to establish that "it is more likely than not that he . . . would be tortured if removed to" Honduras. 8 C.F.R. § 208.16(c)(2). He has provided no evidence that the police or any other government agent would torture him. *See* 8 C.F.R. § 208.18(a)(1). And even if we were to assume that Lopez-Guzman would be tortured by Honduran gangs, he has

4

provided no evidence that the government would acquiesce to this harm. *See Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008).

The petition for review is **DENIED**.